34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Lyle Paul CLAY, Appellant.
 No. 93-4114.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 17, 1994.
Filed: September 8, 1994.
 
 Before BOWMAN and LOKEN, Circuit Judges, and STEVENS,* District Judge.
 PER CURIAM.
 
 
 1
 Lyle Paul Clay appeals after conditionally pleading guilty to one count of possessing 375 pounds of marijuana with intent to distribute in violation of 18 U.S.C. Sec. 841(a)(1) (1988). We affirm.
 
 
 2
 In May and June 1993, the Hennepin County Sheriff's Office Narcotics Division conducted an undercover investigation involving Charles Heintz and Clay. On June 9, 1993, Heintz agreed to sell an undercover officer twenty pounds of marijuana which he would obtain from his source the following day. Unknown to Heintz, a pen register had been placed on his telephone and showed frequent calls to Clay. The next day, the pen register showed a number of calls to Clay. Approximately fifteen minutes after the last telephone call to Clay, surveillance officers at Clay's home observed him leave and followed him to a supermarket parking lot where he made a short telephone call. One minute after this call, surveillance officers at Heintz's home observed Heintz leave and followed him to the same parking lot where he parked alongside Clay's vehicle. After a short conversation, Clay handed Heintz a large white box, which Heintz put into his back seat. The officers then arrested Heintz and Clay. Incident to the arrests, the officers searched the two vehicles and retrieved the white box, which contained twenty pounds of marijuana. Thereafter, the officers obtained search warrants for Clay's storage locker and home, where they recovered large amounts of marijuana.
 
 
 3
 Clay now appeals the issue expressly reserved in his conditional plea agreement, namely, whether probable cause existed for his arrest. Clay also argues that the plea agreement reserved issues concerning the searches of his vehicle, locker, and home, which he also raises in this appeal. Having carefully reviewed the record and having considered all of the issues Clay has raised, we conclude that the issues appealed were correctly ruled upon in the proceedings in the District Court, as none of the factual findings of the District Court is clearly erroneous and as no error of law appears. We further conclude that an opinion would lack precedential value. Accordingly, the decision of the District Court is affirmed without further discussion. See 8th Cir. R. 47B.
 
 
 
 *
 *The Honorable Joseph E. STEVENS, Jr., Chief Judge, United States District Court for the Western District of Missouri, sitting by designation